**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

DANIEL HORACEK,

    Plaintiff,

v.

SHUJA HAQUE, doctor, and
BARRY H. TIGAY, PhD,

    Defendants.
    _____/

CASE NO. 07-CV-15284

DISTRICT JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Daniel Horacek is a state prisoner who is currently incarcerated at the Florence Crance Correctional Facility in Coldwater, Michigan. On December 11, 2007, Plaintiff filed this *pro se* civil action. (Compl., Dkt. 1.) Plaintiff filed an application to proceed without prepayment of fees pursuant to the *in forma pauperis* ("IFP") statute on December 11, 2007. (Dkt. 2.); 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned magistrate judge for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) on December 12, 2007. (Dkt. 3.) I find that the case is ready for report and recommendation.

## B. The Complaint

Although Plaintiff filled out the forms given state prisoners for civil rights cases brought under 42 U.S.C. § 1983 and checked the "civil rights" box on the civil cover sheet for this action, the text of his complaint lacks any reference to the U.S. Constitution or federal law. (Compl., Dkt. 1.). Instead, the instant complaint alleges:

> On June 4, 2005 (per defendant's records), Plaintiff Daniel Horacek met with Defendant Shuja Haque, M.D. for about 15 minutes and discussed his concerns regarding an inability to sleep at night and concentrate during the daytime. Plaintiff requested that any medication prescribed would not be antipsychotic in nature as Plaintiff feared any such medications and their potential effects. Defendant Shuja Haque, without performing any medical or psychologoical tests upon Plaintiff Daniel Horacek, prescribed an antipsychotic medication (Resperdal), additionally informing Plaintiff that this medication was not an antipsychotic drug. At no time did any employee or agents of Defendant Barry H. Tigay, PhD, Resident agent for Oakland Psychological Clinic, P.C. perform any medical or psychological tests on Plaintiff Daniel Horacek, nor did they inform Daniel Horacek of the true nature of the prescribed medication, even after Daniel Horacek expressed his desire to not be given antipsychotic medications. After Daniel Horacek began taking Resperdal, he began experiencing severe effects/side-effects of the prescribed medication. Plaintiff eventually entered a debilitating mental state, causing severe confusion and alterations of his blood sugar levels, entering a state of hyperglycemia. While under the effects of the medication, Plaintiff suffered a serious automobile accident, suffering a shattered kneecap, loss of his 2005 Corvette, and criminal charge.

(Dkt. 1 at 4.) Plaintiff seeks compensatory damages. (*Id.*)

## C. Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915(e), when a plaintiff (prisoner or not) seeks IFP status, the court "shall dismiss the case at any time if the court determines that...the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In addition, the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after

docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The screening process requires the court to "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Since Plaintiff has applied for IFP status and is suing governmental employees, both of these provisions apply. 28 U.S.C. § 1915 and 1915A.

Similarly, under the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, the court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold

otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

**D.     Discussion**

Even if the court were to liberally construe the complaint as raising an Eighth Amendment violation based on alleged deliberate indifference to Plaintiff's serious medical needs, I suggest that these allegations fail to state a claim upon which relief can be granted.

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the Constitution. The Court explained that "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271, 279 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994); *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). Thus, mere inadequate medical treatment is not sufficient to state a violation of the Eighth Amendment. In *Estelle,* the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. **Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.** In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (emphasis added) (quotations omitted).

As recognized in *Estelle*, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally

5

reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*

In this case, Plaintiff's sole complaint is that after he asked for medicine to help him sleep, he was given medication, but that the medication was an "antipsychotic" drug which was not the type of drug he desired to address his sleep and concentration problems. This complaint alleges, at most, that Defendant Haque was negligent in prescribing the type of drug given, i.e., antipsychotic, and that Defendant Tigay should have prevented Defendant Haque from acting negligently. (Dkt. 1.)

I suggest that Plaintiff's disagreement with the type of medicine prescribed is insufficient to state a claim of constitutional magnitude. *Westlake, supra; Farmer,* 511 U.S. at 835-36. "Whether diagnostic techniques or particular forms of treatment are indicated for a prisoner is a matter of medical judgment and a medical decision not to order such measures does not equate with cruel and unusual punishment in violation of the Eighth Amendment." *Richardson v. Hackel*, No. 05-CV-73339-D, 2005 WL 2173326, *2 (E.D. Mich. Sept. 6, 2005), citing *Sult v. Prison Health Services Polk County Jail*, 806 F. Supp. 251, 252 (M.D. Fla. 1992).

I further suggest that any allegation against Defendant Tigay must fail. "§ 1983 liability must be based on more than respondeat superior, or the right to control employees. Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999), quoting *Hays v. Jefferson County, Ky*, 668 F.2d 869, 874 (6th Cir. 1982). Since Plaintiff has failed to allege a cognizable claim that Defendant Haque violated his constitutional rights, I suggest that he cannot state a claim against Defendant Haque's supervisor. I further suggest that Plaintiff's claim against

Defenadnt Tigay fails because he has not alleged that Defendant Tigay "'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007), quoting *Taylor v. Michigan Dep't of Corrs.*, 69 F.3d 76, 81 (6th Cir. 1995).

### E.     Conclusion

Accordingly, I recommend that the Court *sua sponte* dismiss the case with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

### III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                         s/ *Charles E Binder*
                         CHARLES E. BINDER
Dated: January 8, 2008             United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served on Daniel Horacek by first class mail, and served on U.S. District Judge Rosen in the traditional manner.


Date: January 8, 2008          By     s/Patricia T. Morris
                                     Law Clerk to Magistrate Judge Binder